UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21224-CIV-ALTONAGA/Damian

**ROKIT WORLD, INC.**; *et al.*,

    Plaintiffs,
v.

**WILLIAMS GRAND PRIX ENGINEERING LIMITED**, *et al.*,

    Defendants.
_____/

**ORDER**

"A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citations omitted). Put differently, it is the Court's responsibility to "zealously [e]nsure that jurisdiction exists over a case, and [it] should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (alteration added; citation omitted).

On March 29, 2023, Plaintiffs, Rokit World, Inc. and Rokit World Limited filed a Complaint [ECF No. 1] asserting four claims for relief. (*See id.* ¶¶ 39–62). Because the Complaint does not sufficiently allege the Court's subject-matter jurisdiction, it is due to be dismissed. The Court explains.

Plaintiffs allege subject-matter jurisdiction exists under 28 U.S.C. section 1332. (*See* Compl. ¶ 1). Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds

$75,000.  *See* 28 U.S.C. § 1332.  Plaintiffs seek damages in excess of $75,000.00.  (*See* Compl. 19 (seeking "an amount in excess of $149,528,550")).  The Complaint also sufficiently alleges the United Kingdom citizenship of the three individual Defendants, Claire Williams, Michael O'Driscoll, and Doug Lafferty.  (*See id.* ¶¶ 6–8).  But because Plaintiffs do not sufficiently allege their own citizenships or the citizenship of Defendant, Williams Grand Prix Engineering Limited, the Court is unable to determine whether it possesses subject matter jurisdiction under section 1332.

For purposes of diversity jurisdiction, section 1332 describes a corporation as "a citizen of every State . . . [where] it [is] incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332 (alterations added).  In cases with corporate parties, "plaintiffs must affirmatively plead" both elements for each corporate entity in order to assert diversity jurisdiction. *Amegy Bank Nat'l Ass'n v. Deutsche Bank Corp.*, No. 2:12-cv-243, 2012 WL 4466466, at *2 (M.D. Fla. Sept. 27, 2012) (collecting cases).

The Complaint states that Rokit World, Inc. is a "corporation and is incorporated under the laws of Delaware" but does not allege the corporation's principal place of business.  (*Id.* ¶ 3). Similarly, Williams Grand Prix Engineering Limited is described as a "private limited company incorporated in England and Wales."  (*Id.* ¶¶ 4–5 (alteration added)).  Courts have treated private liability companies incorporated in the United Kingdom as corporations for purposes of determining citizenship.  *See Acheron Portfolio Tr. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr.*, No. 20-cv-25025, 2022 WL 358347, at *2–3 (S.D. Fla. Jan. 19, 2022), *report and recommendation adopted*, No. 1:20-cv-25025, 2022 WL 356473 (S.D. Fla. Feb. 7, 2022). Therefore, Plaintiffs must allege both the places of incorporation and principal places of business of these two entities to establish diversity jurisdiction.  *See* 28 U.S.C. § 1332(c).

Further, Rokit World Limited is described as a "company registered under the laws of Ireland." (Compl. ¶ 4). The Court cannot determine, from this information alone, whether Rokit World Limited is an incorporated entity that should be treated the same as a corporation for purposes of citizenship; or an "artificial, unincorporated entity" whose citizenship "depends on the citizenship of all the members composing the organization." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021 (11th Cir. 2004) (citation omitted); *see Acheron Portfolio Tr.*, 2022 WL 358347, at *3 (treating private limited company incorporated in the United Kingdom as a corporation because "[i]t has a board of directors, an officer, and a sole shareholder, and it is subject to extensive corporate law, tax, and reporting requirements." (alteration added)). If the former, Plaintiffs must allege Rokit World Limited's place of incorporation and principal place of business, as described above. If the latter, Plaintiffs must allege the citizenships of all members of the unincorporated business. *See Rolling Greens MHP, L.P.*, 374 F.3d at 1021.

Therefore, Plaintiffs must clarify (1) what type of entity Rokit World Limited is and (2) duly allege its citizenship. Until Plaintiffs do so, the Court cannot exercise subject matter jurisdiction. *See* 28 U.S.C. § 1332.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED without prejudice**. Plaintiffs have until **April 6, 2023** to submit an amended complaint correcting the foregoing deficiencies, failing which the case will be dismissed without prejudice.

CASE NO. 23-21224-CIV-ALTONAGA/Damian

**DONE AND ORDERED** in Miami, Florida, this 31st day of March, 2023.

*[signature: Cecilia M. Altonaga]*

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc: counsel of record