UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-21224-CIV-ALTONAGA/Damian

**ROKIT WORLD, INC.**; *et al.*,

    Plaintiffs,
v.

**WILLIAMS GRAND PRIX ENGINEERING LIMITED**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court *sua sponte*. On March 31, 2023, the Court entered an Order [ECF No. 4] dismissing Plaintiffs' Complaint [ECF No. 1] for failing to sufficiently allege subject matter jurisdiction. The Court gave Plaintiffs the opportunity to file an amended complaint showing the Court has jurisdiction. (*See id.* 3). On April 5, 2023, Plaintiffs filed an Amended Complaint [ECF No. 5]. Because the Amended Complaint shows the parties lack complete diversity of citizenship under 28 U.S.C. section 1332, it is due to be dismissed.

Under section 1332, federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. To avail themselves of diversity jurisdiction, plaintiffs must plead *complete* diversity between all plaintiffs and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). "It is a standard rule that federal courts do not have diversity jurisdiction over cases where there are foreign entities on both sides of the action, without the presence of citizens of a state on both sides." *Iraola & Cia, S.A. v. Kimberly-Clark Corp.*, 232 F.3d 854, 860 (11th Cir. 2000) (citation omitted); *see* 15A James William Moore, *Moore's Federal Practice Civil* § 102.77

(2023) ("[D]iversity jurisdiction does not encompass suits by foreign plaintiffs against foreign defendants. This exclusion extends to cases involving an alien on one side and an alien plus a U.S. citizen on the other." (alteration added; footnote call numbers omitted)).

Plaintiffs allege subject-matter jurisdiction exists under 28 U.S.C. section 1332. (*See* Am. Compl. ¶ 1). But only Plaintiff Rokit World, Inc. is a U.S. citizen. (*See id.* ¶ 3). Plaintiff Rokit World Limited, as well as all Defendants, are foreign citizens. (*See id.* ¶¶ 4–8). Federal case law is clear that this configuration — foreign parties on both sides of a dispute, yet with state parties on only one side — renders diversity incomplete. *See Iraola & Cia, S.A.*, 232 F.3d at 860; *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1340 (11th Cir. 2011) (explaining that "alienage jurisdiction prohibits an alien from suing another alien in federal court unless the suit includes United States citizens as plaintiffs and defendants" (citation omitted)). Without complete diversity, the Court cannot exercise subject-matter jurisdiction under section 1332.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Amended Complaint **[ECF No. 5]** is **DISMISSED without prejudice**. The Clerk shall close the case.

**DONE AND ORDERED** in Miami, Florida, this 6th day of April, 2023.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record